UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN FLOOD, individually, and on
behalf of all others similarly situated,

    Plaintiff,

v.

FIRST FAMILY INSURANCE, INC. and
JASON MARRA,

    Defendants.
_____/

Case No.: _____

## FLSA SECTION 216B COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, STEPHEN FLOOD, individually, and on behalf of all others similarly situated, who consent to their inclusion in this collective action, brings this lawsuit pursuant to §216(b) of the Fair Labor Standards Act ("FLSA"), against FIRST FAMILY INSURANCE, INC., ("FFII") and JASON MARRA ("Marra" and collectively with FFII, "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* for failure to pay overtime wages in violation of Section 207 of the FLSA, for all hours worked over forty (40) each week.

### INTRODUCTION

1.    The Fair Labor Standards Act is our nation's foremost wage law. The overtime requirements of the FLSA were designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum

wage and overtime pay requirements for covered employers.  29 U.S.C. §§ 206(a) and 207(a).  It requires minimum wage and overtime pay for certain non-exempt employees.  29 U.S.C. §213.

2. Plaintiff, STEPHEN FLOOD ("Flood") worked for Defendants from 2015 until approximately July 1, 2020, working from Defendants' corporate office in Fort Myers, Florida as an inside sales representative, under the job title of "insurance agent", or "agent".

3. Defendants maintained a scheme to avoid their obligations to pay overtime wages to its inside sales representatives in order to save millions of dollars in labor costs and maximize profits all to the detriment of its employees.

4. Plaintiff, like his fellow inside sales representatives, and who are members of this putative Class, worked at or reported to Defendants' corporate office in Fort Myers, Florida and from offices located in Coral Springs, Florida and Westbrook, Maine.

5. First, Defendants classified all insurance agents as non-exempt hourly employees and paid them overtime wages at the incorrect rates, wilfully and intentionally underpaying inside sales reps (sales agents or insurance agents) by failing to pay them at the proper time and one half their regular rate of pay.

6. Defendants willfully failed to include the commissions in the regular rate of pay and thus the overtime pay calculator and rates, thus underpaying Plaintiff and all other sales agents for their overtime hours.

7. Then, in October 2017, Defendants came up with a scheme to further evade and avoid the FLSA overtime wage requirements of the FLSA and offered employees the option to go on a salary base pay, but without paying them a premium for all overtime hours worked.

8. Plaintiff, like his fellow inside sales representatives in the past three (3) years preceding the filing of this complaint, and still to this day, were systematically denied any overtime pay for hours they worked in excess of forty (40) on behalf of Defendants, and even when paid, were willfully underpaid.

9. Moreover, Defendants ceased tracking the work hours of sales agents after they accepted the salary position, and there may be no time records of the sales agents records who were on salary.

10. Defendants maintained a common unlawful pay practice applicable to all inside sales representatives, shaving or editing off all work hours over forty (40) in each work week, and precluding the Plaintiffs and all other inside sales representatives from being able to report and log in hours worked outside of the office.

11. Defendants also maintained an unlawful policy requiring employees to log off at the end of the shift to avoid incurring overtime wages, while continuing to urge, stress and encourage inside sales representatives, including the Plaintiffs to continue to work off the clock in order to make sales to meet sales goals, quotas and metrics.

12. Accordingly, Plaintiff, individually, and on behalf of all others similarly situated who consent to their inclusion in this collective action, sue Defendants for violations of the Fair Labor Standards Act for: (1) failing to pay the Plaintiff and others similarly situated, overtime compensation, and (2) failing to maintain and preserve accurate and true records of all hours worked.

**FLSA CLASS DEFINITION AND RELIEF SOUGHT**

13.     This collective action is to recover from Defendants overtime compensation, liquidated damages, prejudgment interest, and the costs and reasonable attorney's fees under 29 U.S.C. §216(b) on behalf of the Plaintiffs and all similarly situated persons composed of:

> All persons employed by FIRST FAMILY INSURANCE INC. as inside sales representatives, under the title of insurance agent, or agent, any other job titles previously or currently used to describe persons working as inside sales representatives at any time within the three (3) years preceding this lawsuit to the day of trial.

**JURISDICTION AND VENUE**

13.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, since this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C., §§201-219, inclusive.

14.     This Court has personal jurisdiction over this action because the Defendants are engaged in business within the State of Florida and residents of the State of Florida.

15.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b), since the acts complained of herein took place in this District, this is the home District where Defendants' corporate office is located, and where the unlawful policies and practices complained of herein were created, carried out, and enforced.

16.     Upon information and belief, Defendants had revenues of $500,000.00 or more in the previous three (3) years and employed ten (10) or more employees at all times during the relevant three (3) year class period to the present.

17. Plaintiff, and all others similarly situated was engaged in interstate commerce, selling tangible goods in the form of insurance contracts across state lines, and having telephone and internet communications across state lines as well as processing orders and across state lines.

18. At all relevant times, Defendants have been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§206(a) and 207(a).

19. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367. The state law claims are so related to the FLSA claims and also arise out of the same common nucleus of operative facts such that they form part of the same case or controversy.

**THE PARTIES**

20. At all times relevant to this action, Representative Plaintiff, STEPHEN FLOOD resided in Florida and worked as an inside sales representative for Defendants, including working under the title of "insurance agent", or just "agent".

21. At any given time, Defendants employed dozens of sales representatives in the Fort Myers office, an estimated 20 or more in the other offices in Coral Springs and Westbrook, Maine.

22. Defendant FIRST FAMILY INSURANCE, INC. is a Florida for profit corporation with corporate offices located at 7800 University Point Drive, Suite #100, Fort Myers, Florida 33907. Defendants may be served through its registered agent, JASON MARRA at the same corporate office.

23. Defendant, JASON MARRA, is the President, Director, Secretary and Treasurer of Defendant FFII and upon information and belief, created, orchestrated, implemented, and executed all of Defendants' overtime policies and practices. Defendant Marra is also either the 100% owner of FFII, or the majority owner.

24. As an officer, manager and/or owner of Defendant FFII, and someone who was involved in managing the day to day business of FFII as the highest ranking officer, and who directed the work of Plaintiff, and all others similarly situated, Defendant Marra is an employer within the meaning of the FLSA and individually liability and responsible for any violations of the FLSA. *See In re Van Diepen, P.A.*, 236 Fed. Appx. 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

25. Defendant Marra is also an employer of Plaintiff and all inside sales representatives, as he controlled and directed the work of Plaintiff and all inside sales representatives.

**GENERAL FACTUAL ALLEGATIONS**

26. When hired, Plaintiff Flood was paid a base hourly rate plus he was entitled to receive monthly paid commission on health insurance policies sold, and he was treated and classified as a non-exempt employee.

27. All insurance agents were paid on the same commission structure or plan and had the same compensation plan of a base hourly wage plus entitlement to monthly commissions on insurance policies sold, and on renewals.

28. For purposes of the collective action, Plaintiff Flood by this Complaint, gives his written consent to join this action and be a party to this action pursuant to 29 U.S.C. §216(b).

29. At all times relevant to this action, Defendants employed Plaintiff, and all other inside sales representatives, of this proposed FLSA collective action within the meaning of 29 U.S.C. §203(g).

30. Defendants maintained an unlawful policy and practice of willfully underpaying Plaintiff, and all other inside sales representatives (agents) during the preceding three (3) year period from the date of the filing of this action, by refusing and failing to include commissions in the regular rate of pay leading to an underpayment of overtime premiums even when paid.

31. During the same time period, and through the present, Defendants maintained a second unlawful pay policy and practice of willfully misclassified non-exempt inside sales reps (agents) as exempt from overtime wages.

32. Defendants approached Plaintiff, and other insides sales reps in September or October of 2017, offering to switch him to a salary, exempt position and pay structure and representing to Plaintiff that this was not only fair, but lawful.

33. Plaintiff had routinely been working overtime hours, as were many other inside sales reps and being paid a premium for these hours, so Defendants came up with the scheme to reclassify and offer sales employees the option to convert to or work on a salary, exempt basis.

34. Upon information and belief, Defendants have maintained the practice of offering sales reps (agents) the option of working on a salary exempt basis in lieu of being paid a premium for overtime hours and being classified as an hourly non-exempt employee.

35. Plaintiffs, and members of the Putative Class of similarly situated, were willfully denied overtime wages by Defendants as a whole or group, and willfully underpaid overtime wages even when Defendants did pay a premium.

36. Defendants have willfully violated, and continue to violate §207 of the FLSA by failing to pay Plaintiffs, and others similarly situated, overtime compensation for all hours worked in excess of forty (40) per week at time and one half their regular rates of pay.

37. Upon information and belief, for the three (3) year period before this filing (the "Class Period"), the continued violations of FLSA §207 that are complained of herein, have been practiced and imposed upon all inside sales representatives and continue to this day.

38. The FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half (1.5) times their regular rate of pay for any hours over forty (40) worked in a week. 29 U.S.C. §207(a)(1). Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter to the inside sales reps and the DOL has opined that inside sales employee positions are deemed to be non-exempt positions under the FLSA.

39. Moreover, pursuant to the FLSA and DOL regulations, Plaintiffs, and all inside sales representatives herein, are entitled to be paid time and one half (1.5) their regular rates of pay, including the value of commissions earned, for all hours worked over forty (40) in each and every workweek.

40. Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week.

41. Plaintiff, and members of the Class were, and continue to be, required and encouraged to work more than forty (40) hours a week during the course of their employment with Defendants.

42. Plaintiff herein alleges individually and on behalf of the members of the putative Class of similarly situated, that Defendants' failure to pay overtime compensation, and failure to pay overtime wages and the correct and rate of time and one half their regular rates of pay to include commissions in the rate was and is a knowing and willful violation of the overtime wage requirements of the FLSA.

43. Plaintiff herein alleges individually and on behalf of the members of the putative Class of similarly situated, that Defendants maintained a scheme to evade and avoid their FLSA wage obligations.

44. Accordingly, Plaintiff and the putative Class of similarly situated seek and are entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid, an equal sum in liquidated damages, prejudgment interest, attorneys' fees and costs under the FLSA's three (3) year statute of limitations.

**FAILURE TO MAINTAIN TRUE & ACCURATE RECORDS OF HOURS WORKED**

45. All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

46. Evidence reflecting the precise number of overtime hours worked by Plaintiff and every member of the Class, as well as the applicable compensation rates, is in the possession of Defendants.

47. However, and to the extent records are unavailable, Plaintiffs and members of the Class may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

48. With respect to an employee subject to the FLSA provisions, the following records must be kept:

    a. Personal information, including employee's name, home address, occupation, sex, and birth date if under nineteen (19) years of age;

    b. Hour and day when workweek begins;

    c. Regular hourly pay rate for any week when overtime is worked;

    d. Total hours worked each workday and each workweek;

    e. Total daily or weekly straight-time earnings;

    f. Total overtime pay for the workweek;

    g. Deductions from or additions to wages;

    h. Total wages paid each pay period; and

    i. Date of payment and pay period covered

49. Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist. *See,* 29 U.S.C. §215(a)(5); *See also, Dunlop v. Gray-Goto, Inc.*, 528 F.2d 792 (10th Cir. 1976).

50. Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the FLSA. An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked. *See Wirtz v. First State Abstract Ins. Co.,* 362 F.2d 83 (8th Cir. 1966); *Boekemeier v. Fourth Universalist Soc'y,* 86 F. Supp. 2d 280 (S.D.N.Y. 2000).

51. An employer's failure to maintain records may create a presumption in the aggrieved employee's favor. *See Myers v. The Copper Cellar Corp.*, 192 F.3d 546, 551 n.9 (7th Cir. 1999), *citing Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

52. Defendants have failed to accurately record, track and report the Plaintiffs' and Class of similarly situated members' time and work hours as required under the FLSA.

53. Alternatively, Defendants have used a biometric time tracking system for tracking the work hours of sales reps, including plaintiff while he was classified as a salaried exempt employee but has failed to present and preserve these records.

54. Defendants have failed to make, keep and preserve records, with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of 29 CFR §516.2 and 29 U.S.C. §§211, 216 and related laws.

## COLLECTIVE ACTION ALLEGATIONS

55. Plaintiff brings this action individually and on behalf of all others similarly situated, who worked as inside sales representatives, otherwise referenced herein as the putative class, as a collective action pursuant to the Fair Labor Standards Act. 29 USC §216(b).

56. In *Young v. Cooper Cameron Corp.,* the court stated that: "The requirements of Fed. R. Civ. P. 23 do not apply to the approval of a collective action and thus no showing of numerosity, typicality, commonality and representativeness need be made." *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005).

57. Still, despite the *Young* court's ruling, the members of the Class are so numerous that joinder of all members is impracticable and in the interests of justice, as well as in keeping with the legislature's intent in creating Collective Actions under Section 216(b), proceeding as a

collective action is proper in this case. While the exact number of the members of the putative Class is unknown to the Plaintiff at this time and can only be ascertained through appropriate discovery, upon information and belief, Plaintiff believes there are 300 or more individuals in the defined class within the three (3) year relevant class period.

58. Plaintiff will fairly and adequately protect the interests of the putative Class of similarly situated inside sales representatives, and have retained counsel that is experienced and competent in class/collective actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the putative Class.

59. A collective action suit, such as the instant one, is superior to other available means for a fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

60. A collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Class likely will not obtain redress of their injuries and Defendants will retain the proceeds from its violations of the FLSA.

61. Furthermore, even if any member of the Class could afford individual litigation against the Defendants, it would be unduly burdensome to the judicial system. The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will

promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

62.     Upon information and belief, all inside sales representatives were trained on an ad hoc basis, including Plaintiffs, without any formalized and structured training program.

63.     Plaintiffs, and all inside sales representatives were not put through any structured or instructor taught formal or classroom type corporate training program.

64.     There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole.  The question of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action.  Among common questions of law and fact are:

      a.  Whether Defendants employed members of the Class within the meaning of the applicable provisions of the FLSA;

      b.  Whether Plaintiff and members of the Class were expected, permitted, and encouraged to regularly work hours in excess of forty (40) per week off the clock and without being paid a premium for all hours worked by a scheme to avoid and misclassify them as exempt;

      c.  Whether Defendants unlawfully and willfully underpaid Plaintiff and all other inside sales agents or representatives even when they did pay a premium for overtime hours by failing to include the commissions earned in the regular rate calculations and overtime pay rates;

  d. Whether Defendants knowingly failed to maintain and preserve accurate and true records of all hours worked and wages earned by Plaintiffs and the Class;

  e. Whether Plaintiff and the Class have sustained damages, and if so, what is the proper measure of such damages;

  f. Whether Defendants willfully and with reckless disregard, underpaid Plaintiff and the class of similarly situated, even when they did pay a premium for overtime hours worked;

  g. Whether Defendants maintained bargaining and contracting with inside sales reps to pay them a salary in lieu of paying them overtime wages was unlawful; and

  h. Whether Defendants permitted Plaintiffs and all other similarly situated to suffer to work off the clock or to work more than 40 hours in work weeks without being paid a premium for all such hours worked in violation of Section 207 of the FLSA.

65. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance as a collective action.

## COUNT I
## VIOLATION OF § 207 OF THE FLSA

66. The foregoing paragraphs are realleged and incorporated as if fully set forth herein.

67. At all relevant times, Defendants employed Plaintiff, and/or each member of the Putative Class of similarly situated, and continues to employ members of the Putative Class, within the meaning of the FLSA.

68. Upon information and belief, all inside sales representatives were paid under a common and similar compensation plan and scheme, comprised of a base hourly pay, in addition to being eligible for monthly commissions.

69. Just as Plaintiff was offered to work on a salaried, exempt basis and classification Defendants made the same contractual arrangements and deals with other inside sales reps to avoid their overtime pay requirements as mandated by the FLSA.

70. Defendants do not instruct, order or command employees to leave at the end of their shift time, nor do they prohibit employees from performing work activities they know insides sales representatives are engaging in on behalf of Defendants while off the clock or away from the office.

71. Defendants knew that inside sales employees (agents) were routinely working more than 40 hours per week to maximize commissions, and hit production goals or quotas and were encouraged to work as many hours as they could to maximize sales and premium dollars sold.

72. As a result of Defendants' unlawful pay practices complained of herein, throughout the three (3) year class period to the present, Defendants have stolen millions of dollars or more in wages from inside sales representatives, while permitting them to suffer to work without being paid a premium when they knew their actions were unlawful.

73. Defendants knowingly and willfully failed to pay Plaintiffs and all other members of the Class, overtime compensation at the appropriate legal rate of time and one half of their regular rate of pay, including commissions in the rate calculations, for all hours they performed work on behalf of Defendants above and beyond forty (40) hours per workweek in violation of the FLSA, in particular 29 U.S.C. § 207.

74. During this same period of time, Defendants knowingly and willfully failed to pay Plaintiffs and all other members of the Class they knew were working overtime hours, overtime compensation or any premium for all hours they worked above and beyond forty (40) hours in each workweek in violation of the FLSA, in particular 29 U.S.C. § 207.

75. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

76. Defendants are well aware that in order to meet goals, quotas and/or metrics, and to complete and perform their job duties to the expectations of Defendants, inside sales representatives routinely worked more than forty (40) hours in a week routinely, and especially when they are falling short of sales goals.

77. Moreover, by the inherent nature of sales work, generally Defendants understand that the more hours inside sales representatives put in and work, the more likely they will produce more in sales revenue for Defendants and thus earn more commissions for the inside sales representatives.

78. Defendants induced and misled persons applying for and accepting the position of inside sales representatives or sales agents into believing that Defendants could lawfully and properly pay them on a salary exempt basis and not pay a premium for overtime hours.

79. Defendants maintained a policy and practice of willfully misleading inside sales reps, including new applicants, on the FLSA overtime wage requirements and by unlawfully and improperly offering to contract around their known overtime wage requirements of the FLSA with their employees.

80. Defendants have engaged in a scheme to avoid paying overtime wages as they knew were required to be paid to inside sales reps (agents).

81. Defendants cannot and do not have a good faith basis under the FLSA for its willful actions and conduct of paying Plaintiffs and all inside sales representatives less than the accurate, correct and lawful rates for overtime wages for all hours worked over 40 hours in each and every workweek.

82. Defendants cannot and do not have a good faith basis under the FLSA for its willful actions and conduct of refusing to pay, and contracting around paying Plaintiffs a premium for all hours worked over 40 hours in each and every workweek.

83. Plaintiffs and the class of similarly situated thus are entitled to, and should be awarded liquidated damages of an equal sum of the overtime wages awarded or recovered for a period of three (3) years preceding the filing of this action to the present and continuing.

84. Due to Defendants' willful FLSA violations, Plaintiffs allege on behalf of the members of the Class that they have suffered damages and are entitled to recover from Defendants the unpaid and underpaid overtime compensation due and owing for all hours worked in excess of forty (40) in each and every workweek, an additional equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

85. Plaintiffs and the class of similarly situated have suffered financial harm and loss of monies owed to them as a direct and proximate result of Defendants' unlawful pay practices complained of herein.

**WHEREFORE** Plaintiff, STEPHEN FLOOD, prays for the following judgment and relief:

a. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated individuals across the nation with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Join this action as plaintiffs pursuant to §216(b); and that notice be sent to all past and present employees of FIRST FAMILY INSURANCE, INC. and JASON MARRA, any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

b. An order awarding attorneys' fees and costs pursuant to §216 of the FLSA;

c. That the Court find Defendants in violation of the overtime compensation provision of the FLSA, §207, and that the Court find that Defendants' violations of the FLSA were and are willful;

d. That the Court award Plaintiff Flood and the putative Class of all similarly situated employees overtime compensation for all the previous hours worked over forty (40) hours in each and every workweek at the rate of time and one half (1.5) their Correct and accurate regular rate of pay during the past three (3) years, AND an equal sum in liquidated damages. In addition, interest on said award pursuant to §216 of the FLSA;

e. That the Court award Plaintiff Flood a collective action class representative fee or service award fee for their efforts and time dedicated to bringing justice through this action;

f. That the Court appoint Mitchell Feldman, Esq. and the firm of Feldman Legal Group as class counsel in the FLSA collective action, and appoint Stephen Flood as class representatives for all those similarly situated with the authority to negotiate on all opt in plaintiffs behalf; and

g. That the Court award any other legal and equitable relief as this Court may deem appropriate, fair and just.

h. That the court issue an injunction barring the Defendants from continuing with the unlawful pay practices using its equitable powers.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Filed this 19th day of August 2020.

Respectfully submitted,

*/s/Mitchell Feldman, Esq.*
**Mitchell L. Feldman, Esquire**
Florida Bar No.:  0080349
FELDMAN LEGAL GROUP
6940 W. Linebaugh Ave, #101
Tampa, Florida 33625
Tel: 813-639-9366 - Fax: 813-639-9376
Email: mlf@feldmanlegal.us
Secondary: lschindler@feldmanlegal.us
*Attorney for Plaintiff and the class*
*Of similarly situated*