UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN FLOOD,

      Plaintiff,

v.

FIRST FAMILY INSURANCE, INC.,          Case No. 2:20-cv-623-JLB-NPM
and JASON MARRA,

      Defendants.

_____

## **ORDER**

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides that the parties, "subject to . . . any applicable federal statute," may voluntarily dismiss a lawsuit without a court order if the parties file a "stipulation of dismissal signed by all parties who have appeared." Plaintiff Stephen Flood worked as an insurance agent for Defendant First Family Insurance, Inc. for approximately five years. He brought this claim to recover overtime compensation from Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19. [Doc. 1.] Citing Rule 41(a)(1)(A)(ii), the parties have announced that they have settled Plaintiff's FLSA claim "and agree to dismiss the above-styled case with prejudice." [Docs. 15, 16.] The parties also represent that they "have separately negotiated their fees and costs incurred in connection with this action." [Doc. 16.] Courts have grappled with whether the parties to a FLSA settlement can sidestep court approval by simply filing a voluntary dismissal under Rule 41(a)(1)(A)(ii). After a careful survey of the applicable statutes and case law, this Court holds that the parties to a FLSA settlement must submit

their settlement agreement for court approval, even when the parties represent that the plaintiff's FLSA claims have not been compromised by the settlement and the attorney's fees have been negotiated separately.  Because the parties here have not submitted their settlement agreement for court approval, the parties' Joint Stipulation of Dismissal With Prejudice is **STRICKEN** with leave to refile after they have presented the Court with a proposed settlement for review and the Court has determined the proposed settlement is reasonable and fair under the standards set forth in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982).

## BACKGROUND

Plaintiff filed a complaint alleging claims under the FLSA on August 19, 2020.  Defendants filed and were granted two consecutive motions to extend the time to respond to the complaint.  On October 12, 2020, before Defendants responded to the complaint, Plaintiff filed a notice of settlement.  [Doc. 12.]  On October 14, 2020, the assigned magistrate judge entered an order directing the parties, "[b]y November 11, 2020, to file any items necessary to terminate this action."  [Doc. 13.]  The order did not reference the FLSA or specify what items were "necessary to terminate this action."  [Id.]  The next day, on October 15, 2020, the undersigned entered an order dismissing the case pursuant to Local Rule 3.08(b) subject to the right of any party within sixty days to either submit a stipulated form of final order or judgment, or alternatively, move to vacate the dismissal for good cause.  [Doc. 14.]  On October 23, 2020, the parties jointly filed two documents.  The first document, a Notice of Settlement, states that "Plaintiff's FLSA claim has been

settled in full, without compromise, separately from attorney's fees and costs," and that, as a result, the Court "need not scrutinize the settlement any further." [Doc. 15 at 1.] The second document, a Joint Stipulation of Dismissal with Prejudice, which is signed by counsel for both parties, states that the parties dismiss the case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). [Doc. 16.]

## DISCUSSION

For the past thirty-eight years, it has been the law of the Eleventh Circuit that, absent the Secretary of Labor's supervision and employer's agreement to pay in full for the lost wages, suits to recover back wages under the FLSA may be settled only with the approval of the district court. See Lynn's Food, 679 F.2d at 1352–53. Specifically, in Lynn's Food, the Eleventh Circuit explained that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Id. at 1352. The first is when the Secretary of Labor supervises an FLSA settlement and the employer "pays in full" the wages. Id. at 1353 (citing 29 U.S.C. § 216(c)). The second is when employees "bring a private action" under the FLSA, "present to the district court a proposed settlement," and successfully move the district court to "enter a stipulated judgment after scrutinizing the settlement for fairness." Id. (citing 29 U.S.C. § 216(b)). The Eleventh Circuit pronounced these standards in light of the FLSA's purpose of "protecting workers" and mitigating the "great inequalities in bargaining power between employers and employees." Id. at 1352.

The parties in this case have not achieved settlement in either of the two ways

3

set out in <u>Lynn's Food</u>.  First, the parties have not negotiated the settlement before the Secretary of Labor.  Second, the parties have not taken "[t]he only other route" to settlement: submitting their settlement agreement to the Court for approval.  <u>Id.</u> at 1353.  Instead, the parties contend their settlement is not subject to court approval because "Plaintiff's FLSA claim has been settled in full, without compromise, separately from attorney's fees and costs," and, as a result, the Court "need not scrutinize the settlement any further."  [Doc. 15 at 1.]  The Court is not convinced.

A.   **<u>Lynn's Food</u> requires judicial approval of all FLSA settlements, even those in which the parties represent that the plaintiff's claims have not been "compromised."**

The Eleventh Circuit has not directly rejected the parties' contention that <u>Lynn's Food</u> does not require judicial oversight of FLSA settlements that accord full payment of the plaintiff's unpaid wages claim without compromise.  While an argument to that effect was presented in <u>Silva v. Miller</u>, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam), the Eleventh Circuit declined to decide the issue because it determined that the settlement there involved a potential compromise notwithstanding payment of full withheld wages due to the plaintiff's contingency fee arrangement with his attorney:

> We do not say what, if any, judicial oversight applies under <u>Lynn's Food</u> when full satisfaction of the FLSA claim is made; because FLSA directs the court to provide for payment of the employee's attorney's fees by the defendant, the $20,000 settlement as proposed by the parties—from which attorney's fees were to be deducted—necessarily involved a compromise of the FLSA claim.

<u>Id.</u>

While the <u>Silva</u> court declined to decide the issue presented here, it noted in

4

response to the argument that, "[o]n its face, Lynn's Food suggests no exception to judicial oversight of settlements when the employee receives all wages due." Id. (emphasis added).  This Court agrees, and in fact, would go one step further by saying that Lynn's Food affirmatively suggests the opposite of the parties' position here, namely that judicial oversight is required for settlements, even if they do not involve a compromise of the plaintiff's claims.  See Lynn's Food, 679 F.2d at 1352 (stating that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees" (emphasis added)).

In support of their position that a full compensation settlement does not require court approval, the parties cite only two cases other than Lynn's Food: Granger v. Water Sports Management, Inc., No. 6:08-cv-1283-Orl-31KRS, 2009 WL 1396286 (M.D. Fla. May 18, 2009), and Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009).  In both of the cited cases, however, the parties filed a motion for court approval to which they attached a copy of the settlement agreement for the court's review.  Those cases, therefore, can hardly be said to support the parties' approach in this case, which was to bypass court review altogether through the filing of a stipulation of dismissal.

It is true that a footnote in Bonetti observes that, "[i]f the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement."  715 F. Supp. 2d at 1226 n.6.  And the Bonetti court further stated that a "no-compromise" settlement would be approved by the court "without separately considering the reasonableness of the fee

to be paid to plaintiff's counsel" if the parties "represent[ ] that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff." Id. at 1228.[1]  Even so, these observations in the Bonetti opinion were for purposes of explaining the circumstances under which court approval would be granted; they were not a suggestion that the court approval process could be bypassed altogether, like the parties seek to do here.

In all events, contrary to Bonetti, this Court does not agree that all the parties need do to achieve court approval is "represent" to the Court that the settlement involved no compromise and that attorney's fees were negotiated separately and without regard to the amount paid to the plaintiff.  For starters, the parties cite only Granger[2] and Bonetti and do not acknowledge, let alone grapple with, the numerous district court cases that reject their position on the need for judicial review of an FLSA

---

[1] The Court notes that, here, the parties' representation regarding attorney's fees does not even meet the minimal standards set forth in Bonetti.  Their representation is that Plaintiff's claims have been settled "separately from attorney's fees and costs," rather than, as set forth in Bonetti, that attorneys' fees were agreed upon "separately and without regard to the amount paid to" the plaintiff.  715 F. Supp. 2d at 1228 (emphasis added).

[2] Granger provides even less support to the parties here than Bonetti.  In Granger, the magistrate judge was not convinced upon first look that the settlement provided the plaintiff with full compensation and ordered the plaintiff's counsel to file a sworn declaration explaining how the proceeds of the settlement were to be distributed.  Granger, 2009 WL 1396286, at *1.  It was only after reviewing the counsel's affidavit in addition to the other information before the court on the parties' motion to approve the settlement that the magistrate judge recommended the district court approve the settlement as "'a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'"  Id. at *2 (quoting Lynn's Foods).

settlement.[3]

---

[3] See, e.g., Hanks v. Rayco Props., Case No. 6:09-cv-2126-Orl-22DAB, 2010 WL 11626735 (M.D. Fla. Apr. 30, 2020) (finding the plaintiff's "reliance on Bonetti misplaced as the presiding District Judge has explicitly declined to follow that decision" (citing, e.g., Natera v. Mastercorp of Tenn., Inc., 6:08-cv-2088-Orl-22DAB, 2009 WL 2765878, *1 (M.D. Fla. Aug. 27, 2009)); Roman v. FSC Clearwater, LLC, Case No. 6:16-cv-969-Orl-41DCI, 2016 WL 11580672 (M.D. Fla. Dec. 13, 2016) ("[T]he parties cannot categorically avoid judicial review simply by stipulating that there was no compromise because Plaintiff received full compensation."); Turner v. Interline Brands, Inc., 2016 WL 7973120, at *2 (M.D. Fla. Nov. 8, 2016) ("[P]arties are not able to stipulate to the dismissal with prejudice of their [FLSA] claims without judicial approval."); Garlobo v. Cent. Tire Corp., 2013 WL 2444870, at *1 (S.D. Fla. June 5, 2013) ("[Plaintiff] first argues that because he is settling for the full amount of his FLSA claim, no judicial approval of the settlement is required. . . . The Court finds this argument unpersuasive."); Silva v. Miller, 547 F. Supp. 2d 1299, 1302 (S.D. Fla. 2008) ("Plaintiff asserts that the Court should not review the parties' Settlement Agreement because she recovered all of the wages to which she was entitled.  This argument runs contrary to the purpose of the FLSA and Eleventh Circuit precedent."), aff'd on other grounds, 307 F. App'x 349 (11th Cir. 2009); Demosthenes v. Fla. Bottling, Inc., 2008 WL 4382847, at *1 (S.D. Fla. Sept. 25, 2008) (rejecting the argument that "Plaintiff is receiving payment in full for all of his claims" and "thus this does not constitute a compromise requiring the Court's review and/or approval per the standard in Lynn's Food"); cf. Thomas v. Waste Pro USA, Inc., Case No. 8:17-cv-225 4-T-36CPT, 2020 WL 6566812 (M.D. Fla. Oct. 21, 2020) (where parties filed a joint motion for approval of settlement, magistrate judge recommends granting the motion without further judicial scrutiny pursuant to a finding of a "full compensation" settlement, but also goes on to conclude, if judicial approval is required, that the settlement is fair and reasonable), adopted, 2020 WL 6565113 (M.D. Fla. Nov. 9, 2020); Ramirez v. Consilium Grp., Inc., Case No. 6:20-cv-538-Orl-37GJK, 2020 WL 5835077 (M.D. Fla. Sept. 28, 2020) (where motion to approve FLSA settlement and stipulation of dismissal filed, magistrate judge recommends adopting Bonetti approach to attorney's fees whereby the court will find lawyer's fee has not influenced the reasonableness of the plaintiff's settlement if the parties represent that the fees were "addressed independently and seriatim"), adopted, 2020 WL 5866004 (M.D. Fla. Oct. 1, 2020); Knowlton v. Big B Ranch, Inc., 3:19-cv-696-J-34JBT, 2020 WL 4022064 (M.D. Fla. June 30, 2020) (conducting judicial review of parties' settlement but finding no need for court to "conduct an in-depth analysis of the reasonableness of the attorney's fees and costs if the proposed settlement appears reasonable on its face and there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of attorney's fees and costs to be paid to their counsel"), adopted, 2020 WL 4015772 (M.D. Fla. July 17, 2020).

Moreover, the only case cited by <u>Bonetti</u> in support of the proposition that a representation of full compensation by the parties was sufficient to avoid further judicial review of the settlement is <u>Mackenzie v. Kindred Hospitals E., L.L.C.</u>, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).  But <u>Mackenzie</u> is a magistrate report and recommendation approved by a district court that later disavowed that the case could be read for the proposition for which <u>Bonetti</u> cited it.  <u>See</u> <u>Dees v. Hydradry, Inc.</u>, 706 F. Supp. 2d 1227 (M.D. Fla. 2010).  In <u>Dees</u>, the district court noted that <u>Mackenzie</u> involved a full-compensation Rule 68 offer of judgment, as distinguished from a full-compensation settlement agreement.  <u>Id.</u> at 1238.[4]  Moreover, the <u>Dees</u> court noted that not only were the facts in <u>Mackenzie</u> "anomalous," but the holding was "narrow" and "offer[ed] no support for [a] broad exception to <u>Lynn's Food</u>" that would obviate the need for judicial scrutiny of an FLSA "full compromise" settlement.  <u>Id.</u>  As the <u>Dees</u> court explained, "[a]nnouncing an exceedingly narrow and patently obvious

---

[4] The Second Circuit has drawn a distinction in FLSA cases between a Rule 68 offer of judgment and settlement with a Rule 41(a)(1)(A)(ii) stipulation of dismissal. The former is permissible without judicial scrutiny while the latter is not.  <u>Compare</u> <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015) (holding parties in FLSA cases may not use a Rule 41(a)(1)(A)(ii) stipulation of dismissal to bypass judicial scrutiny of their settlement); <u>with</u> <u>Mei Xing Yu v. Hasaki Restaurant, Inc.</u>, 944 F.3d 395 (2d Cir. 2019) (distinguishing <u>Cheeks</u> and holding that judicial review and approval was not required for accepted offer of judgment that settled a FLSA action).  This case raises only the question of whether Rule 41(a)(1)(A)(ii) permits the parties to bypass judicial review.  The Court holds in the next section that it does not.  Insofar as offers of judgment are concerned, some district courts in this circuit have held that the same principles apply and court approval is required in the FLSA context.  <u>See, e.g.</u>, <u>Patel v. Shah</u>, Case No. 5:15-cv-01959-MHH, 2017 WL 2242963, *2 n.6 (N.D. Ala. May 23, 2017).  The Eleventh Circuit has yet to decide the issue in either the offer of judgment or Rule 41(a)(1)(A)(ii) context.

'exception' to <u>Lynn's Food</u>, <u>Mackenzie</u> finds only that, <u>after judicial inquiry confirms</u> <u>both 'full compensation' and 'no side deal'</u> (in other words, the absence of compromise), no further judicial inquiry is necessary."  <u>Id.</u> at 1240 (emphasis added).

The <u>Dees</u> court's suggested approach is the best reading of <u>Lynn's Food</u>.  That is, judicial review is required whenever parties to a FLSA action enter into either a "settle[ment] <u>or</u> compromise[ ]."  <u>Lynn's Food</u>, 679 F.2d at 1352 (emphasis added). The <u>Dees</u> approach also comports with the core principles behind <u>Lynn's Food</u>, namely, the "directive that district courts . . . must not simply rubber-stamp [FLSA settlements] as approved."  <u>Luker v. Wilcox Hosp. Bd.</u>, Civil Action No. 14-0043-WS-B, 2014 WL 3518386, at *2 (S.D. Ala. July 16, 2014); <u>see also</u> <u>Guerra v. Flores</u>, 139 F. Supp. 3d 1288, 1293 (N.D. Ala. 2015) ("[T]he fundamental premise of <u>Lynn's Food</u> is that an unbiased intermediary is required to prevent employers from using their superior bargaining power to exploit workers."); <u>Dees</u>, 706 F. Supp. 2d at 1236–37 (<u>Lynn's Food</u> requires approval of each FLSA compromise, regardless of the  issue that underlies the compromise," because "leaving an FLSA settlement to wholly private resolution conduces inevitably to mischief").

In siding with the <u>Dees</u> court's analysis over any contrary approach suggested by <u>Bonetti</u>, it is noteworthy to this Court that the latter opinion begins with the observation that <u>Lynn's Food</u> and <u>Silva</u> (decided in 1982 and 2009, respectively) might no longer be good law.  <u>See</u> <u>Bonetti</u>, 715 F. Supp. 2d at 1227.  The court also indicated it believed a narrow reading of those cases was preferred.  <u>See</u> <u>id.</u> (labeling independent court review concerning reasonableness of agreed-to attorney's fee

amounts "wrong-headed and not required by the terms of the FLSA, its underlying policy objectives, or binding precedent"). Lynn's Foods has not been overruled and this Court is bound to follow it. As such, this Court must apply it while addressing issues regarding settlement in the FLSA context. See Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1349 (M.D. Fla. Aug. 6, 2010) ("Bestowing a special status on an FLSA claim and not on another civil claim that seems more portentous might strike the observer as unwarranted or even unwise, but the law on this matter, although largely unexplored and unknown by both bench and bar, is clear as spring water.").

Applying the above analysis of pertinent case law to this case, the Court concludes that, even if it were to adopt the view that further judicial scrutiny is not necessary when the parties settle on terms that provide full compensation to the plaintiff, the purported full compensation settlement still requires judicial confirmation of the "full compensation" representation that the parties make. As the Dees court explained, "the employer in an FLSA case might offer full monetary compensation to the employee for the FLSA claim but might require the employee to refrain from informing fellow employees about the result the employee obtained." Dees, 706 F. Supp. 2d at 1240. "Or the employer might require the employee to trim the shrubbery at the employer's home each weekend for a year." Id. In either case, "the employee receives a full wage but relinquishes something else of value"—and thereby enters into a "compromise" that requires judicial approval. Id. Because the parties here have neither sought court approval for their settlement nor disclosed to the Court either the monetary or non-monetary terms of their settlement, the Court

cannot find on the current record that no compromise of Plaintiff's claims occurred, and that the other terms of settlement are also such that the overall settlement was fair and reasonable.

Along the same lines, the Court cannot say whether the attorney's fees to which the parties agreed are reasonable under the circumstances.  Fulfillment of its role in approving FLSA settlements requires the Court to do more than merely accept at face value the parties' representation that attorney's fees were negotiated "separately." Even under the <u>Bonetti</u> court's view, a settlement of the attorney's fees portion of a FLSA claim will be deemed "presumptively reasonable" only where the parties represent that attorney's fees have been negotiated not merely "separately," as the parties represent here, but "independently and seriatim."  <u>Bonetti</u>, 715 F. Supp. 2d at 1228; <u>see, e.g.</u>, <u>Martin v. Huddle House, Inc.</u>, Civil Action No. 2:10-cv-0082-WCO, 2011 WL 13254528 (N.D. Ga. May 18, 2011) (calling into question attorney's fee amount that was negotiated separately but at the same time as damages award to plaintiff was negotiated).

In addition, the Court notes that the Eleventh Circuit has tasked district courts more generally with "review[ing] the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately <u>and</u> that no conflict of interest taints the amount the wronged employee recovers under the settlement." <u>Silva</u>, 307 F. App'x at 351 (emphasis added).[5]  Thus, even the <u>Bonetti</u> court recognized that the

---

[5] The Court recognizes that the Eleventh Circuit's unpublished opinions represent persuasive rather than binding precedent.

"presumption of reasonableness" it concluded generally should apply nonetheless would <u>not</u> attach if "the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney."  <u>Bonetti</u>, 715 F. Supp. 2d at 1228 (citing <u>Silva</u>).  The parties here do not represent that attorney's fees were negotiated independently and seriatim from Plaintiff's recovery.  Nor do they provide any information regarding the settlement amount or the separate attorney's fee aspect of their settlement from which the Court might be able to conclude that Plaintiff's recovery was not adversely affected by the "separate" attorney's fees negotiation.

In sum, there is no basis on the current record for the Court to conclude that the settlement as a whole, or the attorney's fee aspect of it specifically, are "fair and reasonable" as <u>Lynn's Food</u> requires.

**B.    The parties may not use Rule 41(a)(1)(A)(ii) to avoid the requirement of court approval of their settlement**

As noted by Judge Merryday who authored the <u>Dees</u> opinion, the requirements of <u>Lynn's Food</u> "have sparked an array of attempts by counsel to discover, invent, or improvise an effective tool of evasion, that is, a tool that permits an effective, private, but undisclosed compromise and settlement without supervision by the Department of Labor or approval by a district court."  <u>Casso-Lopez v. Beach Time Rental Suncoast, LLC</u>, 335 F.R.D. 458, 461 (M.D. Fla. 2020).  One such tool of evasion was used here—a Rule 41(a)(1)(A)(ii) stipulation of dismissal.

12

Having concluded that <u>Lynn's Food</u> requires judicial approval of FLSA settlements which the Secretary of Labor does not approve, the Court still must decide whether the parties may avoid the requirements of <u>Lynn's Food</u> by filing a Rule 41(a)(1)(A)(ii) stipulation of dismissal.  Several courts in this district have considered that question and concluded that because, under <u>Anago Franchising, Inc. v. Shaz, LLC</u>, 677 F.3d 1272, 1272 (11th Cir. 2012), a stipulation of dismissal is self-executing, judicial review is automatically bypassed by the filing of a Rule 41(a)(1)(A)(ii) stipulation, even though, in those courts' view, a full-compensation FLSA settlement pursuant to <u>Lynn's Food</u> requires court approval.  <u>See, e.g.</u> <u>Marcucci v. Stefano's Trattoria, Inc.</u>, Case No. 6:12-cv-440-Orl-19GGJK, 2012 WL 13136903, at *2 (M.D. Fla. July 3, 2012).  In so concluding, however, those courts have warned the stipulating parties that, "in undertaking the resolution of the FLSA dispute without Court approval, Defendants do so at their own risk. Specifically, . . . if the resolution of the FLSA claim results in a compromise to the employee that was approved by neither the Department of Labor nor the district court, such resolution is unenforceable." <u>Id.</u> at *3 (citing <u>Dees</u>, 706 F. Supp. 2d at 1237-38); <u>see also</u> <u>Cushman v. DeVry Univ., Inc.</u>, Case No. 6:12-cv-1405-Orl-22GJK, 2012 WL 13136851, at *1 n.1 (M.D. Fla. Dec. 19, 2012).

This Court agrees with these cases that the Rule 41(a)(1)(A)(ii) stipulation, though labeled as a dismissal with prejudice, would not foreclose a later lawsuit by Plaintiff because of the failure to obtain court approval of the purported "full compensation" settlement in this case.  But aside from that conclusion, the Court

13

does not agree that <u>Anago Franchising</u> necessarily means the parties are able to circumvent the court-approval requirement in this manner.  A stipulated dismissal under Rule 41(a)(1)(A) is "[s]ubject to . . . any applicable federal statute."  Fed. R. Civ. P. 41(a)(1).  And, as discussed above, the FLSA does not allow an employee to compromise or otherwise settle a claim for unpaid wages unless the compromise or settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement.  "[T]he unique policy considerations underlying the FLSA [ ] place the FLSA within Rule 41's 'applicable federal statute' exception.  Thus, Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect."  <u>Cheeks</u>, 796 F.3d at 206.[6]

---

[6] <u>See</u> <u>Pratts v. Ares On Fowler, LLC</u>, Case No. 2:15-cv-124-FtM-38CM, 2015 WL 13310790 (M.D. Fla. Oct. 8, 2015) ("Rule 41(a)(1)(a)(ii) does not authorize parties to voluntarily dismiss an employee's FLSA claims with prejudice unless they first obtain the requisite approval."); <u>Santos v. Gomez, LLC</u>, No. 2:13-cv-271-FtM-29UAM, 2013 WL 4523492, at *1 (M.D. Fla. Aug. 26, 2013) ("Plaintiff's reliance on [<u>Anago</u>] is misplaced" because that case "did not involve the FLSA, with its statutory mandate of judicial review and approval."); <u>Baranov v. Doraku Lincoln Road LLC</u>, Case No. 13-22983-CIV-GRAHAM/GOODMAN, 2013 WL 12317903 (S.D. Fla. Nov. 15, 2013) ("There may be circumstances in which voluntary dismissal of an FLSA claim without a court order is proper, but to allow it in the present case, where the parties have reached a settlement agreement, would allow parties to avoid the FLSA's judicial supervision requirement."); <u>see also</u> <u>Hoben v. Lightning Elec. of Cent. Fla., Inc.</u>, Case No. 6:13-cv-802-Orl-37KRS, 2014 WL 12625439 (M.D. Fla. Mar. 18, 2014); <u>Appleby v. Hickman Constr., Inc.</u>, 2013 WL 1197758, at *1-2 (N.D. Fla. Mar. 25, 2013); <u>Caban v. Installation & Serv. Tech., Inc.</u>, 2009 WL 4730537, *5 (M.D. Fla. Dec. 4, 2009); <u>compare</u> <u>PerezNunez v. N. Broward Hosp. Dist.</u>, 609 F. Supp. 2d 1319, 1320–21 (S.D. Fla. 2009) (stating that a voluntary dismissal without prejudice would be allowed where there has been no settlement and the plaintiff has represented that she simply "no longer desires to pursue" the action).

In short, the Court concludes that the operation of Rule 41(a)(1)(A) is subject to the terms of the FLSA.  The parties in this case may not stipulate to dismissal of the case.  If the parties wish to dismiss Plaintiff's case, they must present the Court with a proposed settlement for review of whether it is reasonable and fair under the standards set forth in <u>Lynn's Food</u>, which may, but does not necessarily include, a demonstration that no compromise occurred.

<u>**CONCLUSION**</u>

For the foregoing reasons, it is hereby **ORDERED** that:

1.     The **CLERK IS DIRECTED TO VACATE** the Court's October 15, 2020 Order [Doc. 14] and restore this case to active status.

2.     The parties' Joint Stipulation of Dismissal with Prejudice [Doc. 16] is **STRICKEN**.  The parties are directed to file a motion for court approval of their FLSA settlement that includes both the settlement agreement and sufficient additional information for the Court to assess the <u>bona fides</u> of the parties' dispute and the precise contours of their resolution.

**ORDERED** in Fort Myers this 21st day of January 2021.

**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**

15